IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| vs. ) | No. 06 C 7076 |
| ) | |
| NATIONAL TRAINING AND ) | |
| INFORMATION CENTER, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Defendant National Training and Information Center (NTIC) moves to dismiss the first amended complaint filed herein by the government. For the following reasons, we deny NTIC's motion.

## BACKGROUND

The government originally filed a complaint against NTIC alleging violations of the False Claims Act, arising from alleged false certifications that NTIC provided to the government as part of a federal grant program. The government alleged that NTIC had accepted federal grant monies, and had certified that it would comply with the requirements of the Lobbying Disclosure Act (the LDA), otherwise known as the Byrd Amendment, in that it would not use any federal grant monies to pay for lobbying activities prohibited by the LDA. The government alleged that NTIC committed fraud when it so certified, as it subsequently sought reimbursement from federal funds for activities associated with lobbying. Furthermore, the government alleged that even after seeking and receiving that reimbursement, NTIC fraudulently certified, on at least two subsequent occasions, that it would comply with the Act in order to receive federal grant monies.

NTIC moved to dismiss that complaint – a motion we granted in part and denied in part. United States v. Nat'l Training & Info. Ctr., Inc., 2007 U.S. Dist. LEXIS 63292 (N.D. Ill. Aug. 23, 2007). We held that the LDA did not cover all the activity of which the government was complaining. While it did cover direct payment to those engaging in lobbying activity, upon close analysis of the LDA we found it did not cover payment to independent third parties such as airlines or telephone companies, even when that payment was to support lobbying activity. The government thereafter amended its complaint.

The government now alleges that NTIC violated the False Claims Act not only by fraudulent certifications under the LDA, but also by making fraudulent certifications that it would comply with another set of requirements, those of the Office of Justice Programs Financial Guide. Those requirements prohibit payment of certain costs associated with lobbying, including travel expenses paid to third parties on the lobbyist's behalf. The government also added a claim form breach of contract, alleging that NTIC breached the terms of the initial and supplemental grant awards by charging to the grant costs it incurred to lobby Congress. NTIC now moves to dismiss.

## ANALYSIS

On a motion to dismiss under Rule 12(b)(6), we accept all well-pleaded allegations as true, and draw all reasonable inferences in favor of plaintiff. McMillan v. Collection Prof'ls, Inc., 455 F.3d 754, 758 (2006). Generally, under Rule 8(a), plaintiff need only set forth a short and plain statement of the allegations underlying plaintiff's claim. Plaintiff need not plead facts and may plead conclusions if such conclusions put defendant on notice of plaintiff's claims. McCormick v. City of Chicago, 230 F.3d 319, 324-25 (7th Cir. 2000). However, when plaintiff makes allegations of fraud, heightened pleading requirements are imposed. Fed. R.

Civ. Pro 9(b). Under this rule "the circumstances must be stated with particularity," though intent or knowledge can be averred generally. This means that plaintiff must plead with specificity "the who, what, where, and when of the alleged fraud." <u>Fidelity Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins.</u>, 412 F.3d 745, 749 (7th Cir. 2005).

NTIC puts forth several arguments, none of which holds water. NTIC argues that the LDA regulations do not prohibit the conduct the government complains of. While that is true for some of defendant's alleged activity, the argument misses the point. The government is no longer limiting its allegations of fraudulent certification to the requirements of the LDA, but is including the OJP Financial Guide terms, which clearly do prohibit use of federal grant monies in connection with lobbying activities. Secondly, contrary to NTIC's argument, the Financial Guide is not contradictory to the LDA, but instead supplements it – it covers a broader range of prohibitions than the LDA. (Am. Cplt. Ex. A at 3). While the LDA does not prohibit travel and other costs associated with lobbying, nothing in its language purports to prevent other federal regulations from prohibiting those activities. Finally, NTIC again argues that the LDA is unduly vague. We rejected that argument in our earlier order. *See* <u>Nat'l Training</u>, 2007 U.S. Dist. LEXIS 63292.

### CONCLUSION

For the foregoing reasons, we deny NTIC's motion to dismiss the government's amended complaint.

$\qquad\qquad\qquad\qquad\qquad\qquad$ *James B. Moran*
$\qquad\qquad\qquad\qquad\qquad\qquad$ JAMES B. MORAN
$\qquad\qquad\qquad\qquad\qquad\qquad$ Senior Judge, U. S. District Court

March 20, 2008.